PADGETT v. H. P. PRATT & SON.   (No. 3.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 18, 1915.)

COURTS ☞488—REHEARING AFTER TRANSFER OF CAUSE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1641, providing that any party desiring a rehearing of any matter determined by a Court of Civil Appeals may, within 15 days after the date of entry of judgment, file with the clerk of court his motion in writing for rehearing, etc., where a case was transferred by the Supreme Court from the First Supreme Judicial District to the Ninth, and appellant, eight months after the Court of Civil Appeals of the First District had ordered the bills of exceptions stricken, moved to vacate the judgment, such motion could not be considered by the Court of Civil Appeals of the Ninth Supreme Judicial District, since it would have come too late for consideration if made in the court of the First District.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1316–1323; Dec. Dig. ☞488.]

Appeal from Sabine County Court; J. B. Lewis, Judge.

Action by H. P. Pratt & Son against E. P. Padgett. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. P. Padgett, of Hemphill, pro se. Hamilton & Minton, of Hemphill, for appellees.

MIDDLEBROOK, J. This cause was tried in the county court of Sabine county, Tex., and judgment rendered therein on the 2d day of December, 1914, in favor of the plaintiffs for the sum of $202.35, with legal interest thereon. Appeal was perfected to the First Court of Civil Appeals at Galveston on the 22d day of December, 1914.

On the 5th day of January, 1915, appellant filed in the trial court his bills of exceptions and statement of facts. On March 12, 1915, appellees filed motion in the First Court of Civil Appeals, at Galveston, to strike out appellant's bills of exceptions, and also the statement of facts. On March 24, 1915, appellees' motion to strike out the statement of facts and bills of exception was submitted before the honorable Court of Civil Appeals at Galveston, and on March 25th that court sustained the motion as to the bills of exceptions, but overruled the motion as to the statement of facts. On October 15, 1915, appellant filed its motion in form of an affidavit, in this, the Ninth Court of Civil Appeals, to arrest and set aside the judgment of the Court of Civil Appeals for the First Supreme Judicial District, at Galveston, rendered on the 25th day of March, 1915, on appellees' motion to strike out the bills of exception, which motion, on being submitted to this court, was taken with the case.

We have made this full statement of the proceedings heretofore had in this cause, not that this court has any inclination to review the judgment heretofore entered by the Court of Civil Appeals at Galveston, but in order to show a complete record and disposition of the cause.

The motion to set aside the order heretofore made on the 23d day of March, 1915, by the honorable Court of Civil Appeals at Galveston was not filed until nearly eight months after said order was entered.

Article 1641, Vernon's Sayles' Civil Statutes, provides:

"Any party desiring a rehearing of any matter determined by said courts, may within fifteen days after the date of entry of the judgment or decision of the courts, or the filing of the findings of fact and conclusions of law, file with the clerk of said courts his motion in writing for a rehearing thereof, in which motion the ground relied upon for the rehearing shall be distinctly specified, and the name and residence of the counsel of the opposing party if known, and if not known then the name and residence of the opposing party, as shown in the record."

Under this statute, and the numerous decisions of the courts, if the case had never been transferred by the Supreme Court from the First Supreme Judicial District to this, the Ninth Supreme Judicial District, appellant's motion to vacate the judgment would be too late for consideration in the First Court of Civil Appeals, and said court would not be warranted in considering the same, to review its own work, and certainly this court would not be warranted in so doing. Hence appellant's motion to vacate and hold for naught the judgment by the honorable Court of Civil Appeals for the First Supreme Judicial District is overruled.

This suit was brought within statutory time, and the cause of action is not barred by limitation. It was brought in the proper forum, and there are abundant facts to support the findings of the jury and the judgment of the court, and appellant's bills of exceptions having been stricken out, and, no error apparent of record, or fundamental error apparent, the case must be affirmed.

Affirmed.